FILED
DEC 17 2007
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 07-cv-01720-RPM

JANA McCULLOUGH,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

    Defendant.

---

## PROTECTIVE ORDER

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

**DEFENDANT'S EXHIBIT "A"**

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any of the parties to this action. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case and as set forth, below.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (a)   attorneys actively working on or supervising the work on this case;

   (b)   persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c)   the parties, including designated representatives and agency counsel for the entity defendants;

   (d)   expert witnesses and consultants (including treating health care providers and consultants who may perform independent medical examinations) retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e)   the Court and its employees ("Court Personnel");

   (f)   stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   (g)   deponents, witnesses, or potential witnesses;

2

(h) law enforcement officers or other government agencies in connection with the investigation of any possible criminal activity or insurance fraud pursuant to Section 10-1-128(5)(a)(IV), C.R.S. and Regulation 6-5-1;

(i) the Colorado Division of Insurance in connection with a specific request for claim file documents and information as provided by law;

(j) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(k) anyone as otherwise required by law;

(l) as authorized by the parties specifically; and

(m) other persons by written agreement of the parties or their attorneys.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, party representatives, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." To the extent that a party obtains records pursuant to a subpoena or records release, any party may inform the requesting party that it is seeking confidential

treatment of the responsive documents and such documents will be treated as if marked "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided within notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection with fourteen (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be stored in a manner which will preclude others from obtaining such documents. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order.

10. Nothing in this Protective Order disallows State Farm's maintenance of information and documents in its electronic claim system; documents maintained with the privacy requirements of the Colorado Division of Insurance; the records retention requirements of the Colorado Division of Insurance and the Colorado Rules of Professional Conduct; and any written Hold Order entered by a Court that requires retention of medical and other records. Further, based on C.R.S. § 10-1-128(2)(a), State Farm is required to report pertinent information to the Insurance Services Office, Inc. ("ISO") Index System. This Protective Order does not disallow such reporting.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

December 17, 2007

BY THE COURT:

*signature*
Richard P. Matsch
United States District Judge

**APPROVED:**


s/Sheryl L. Anderson
Sheryl L. Anderson          Date: 12/2/07
Wells, Anderson & Race LLC
1700 Broadway, Suite 1020
Denver, CO 80290
Phone: (303) 830-1212
Facsimile: (303) 830-0898
Email: sanderson@warllc.com
*Attorneys for Defendant, State Farm Mutual Automobile Insurance Company*


s/Victoria C. Swanson
Victoria C. Swanson         Date: 12/10/07
Sears & Swanson, P.C.
2 North Cascade, Suite 1250
Colorado Springs, CO 80903
Phone: (719) 471-1984
Facsimile: (719) 577-4356
Email: Victoria@searsandswanson.com

and

s/Michael M. Clawson
Michael M. Clawson          Date: 12/10/07
Clawson & Clawson LLP
115 E. Vermijo, Suite 101
Colorado Springs, CO 80903
Phone: (719) 634-1848
Facsimile: (719) 634-1849
*Attorneys for Plaintiff Jana McCullough*